RICHARD L. JOHNSON *et al.*, Plaintiffs, v. STATE FARM FIRE & CASU-
ALTY COMPANY, Defendant and Third-Party Plaintiff-Appellant (Clark
Hall, Third-Party Defendant-Appellee).

Third District   No. 3—86—0050

Opinion filed January 20, 1987.

Samuel S. McHard and Robert J. Block, both of Katz, McAndrews,
Durkee, Balch & Lefstein, P.C., of Rock Island (Lori R. Lefstein, of coun-
sel), for appellant.

Schwiebert & Schwiebert, of Moline (Mark W. Schwiebert, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Defendant and third-party plaintiff, State Farm Fire and Casualty Company (State Farm), appeals from the trial court's dismissal of its third-party complaint against third-party defendant, Clark A. Hall.

In the main complaint, filed September 26, 1980, plaintiffs, Richard and Elizabeth Johnson, claimed damages in two counts from State Farm, their insurer, for losses suffered when their residential rental property was damaged by fire on September 26, 1979, and for the insurer's vexatious delay in paying on their claim. State Farm answered plaintiff's complaint in December 1980. During the ensuing discovery, State Farm propounded several interrogatories concerning the potential liability of Clark Hall, a painter who allegedly was using an electric stripper to remove paint on a gable when the house caught fire. Among the questions in this regard was "whether the Johnsons are willing to join with State Farm in a suit against Clark A. Hall to collect the amount of the loss resulting from the fire." In their July 2, 1981, response, plaintiffs stated that they would "cooperate with State Farm to the extent required by the subject policy. Plaintiffs believe that State Farm has the right to bring suit in Johnsons' names."

Then, on March 4, 1982, with leave of court, State Farm filed its third-party complaint against Hall, alleging that the 1979 fire was proximately caused by Hall's negligence and praying for indemnity for any amount State Farm owed the Johnsons in count I of the main complaint as a direct result of the fire loss. The third-party defendant responded with a motion to dismiss the complaint against him on grounds, *inter alia*, that State Farm had failed to attach copies of either the policy of insurance or the main complaint as required by the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—606). It appears that the third-party defendant obtained a copy of the insurance policy some time after filing their motion and prior to the date it was heard. At the conclusion of the hearing, the trial court granted the third party's motion on grounds that State Farm's complaint was one "for subrogation only and [arose], if at all, upon payment or settlement of plaintiffs' claims."

State Farm thereafter filed a motion to reconsider, which was denied as well. Upon the trial court's finding that there was no just reason for delaying an appeal, the instant appeal was brought to

this court. (87 Ill. 2d R. 304(a).)

The issue before us is whether the trial court erred in dismissing the insurer's third-party complaint. State Farm initially posits that the trial court erroneously relied on "anachronistic common law doctrines of subrogation." The insurer cites *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939, as authority for liberalizing the use of third-party actions. The issue in *Laue* was whether section 5 of the Contribution Act (Ill. Rev. Stat. 1981, ch. 70, par. 305) required a tortfeasor to assert his claim for contribution from an alleged joint tortfeasor as a counterclaim or third-party complaint in the original suit, rather than as a separate suit. The court construed the statute as so requiring.

■ The insurer's reliance on *Laue* is, of course, misplaced. Obviously, section 5 of the Contribution Act has absolutely no bearing on the issue of an insurer's right to pursue a subrogation complaint. The subrogee's rights arise either at common law or in contract, not by statute. As stated in *American National Bank & Trust Co. v. Weyerhaeuser Co.* (7th Cir. 1982), 692 F.2d 455, 460-61: "Notwithstanding the Illinois policy favoring a liberal application of subrogation principles, there are several requirements a potential subrogee *** must satisfy before it may assert a right of subrogation. One such requirement *** is that the claim or debt under which the subrogee asserts his rights must have been paid in full. *See, e.g., Medigroup, Inc. v. Schildknecht*, 463 F.2d 525, 528 (7th Cir. 1972); *Village of Crainville v. Argonaut Insurance Co.*, 81 Ill. 2d 399, 43 Ill. Dec. 5, 7, 410 N.E.2d 5, 7 (1980)."

■ State Farm's contractual relationship with the Johnsons does not alter the basic requirement that State Farm must first pay its insured before it may maintain a suit against the alleged tortfeasor (Hall) for indemnity. The insurance policy at issue contains the following subrogation clause: "This Company may require from the Insured an assignment of all right of recovery against any party for loss *to the extent that payment therefore is made by this Company*." (Emphasis added.) On its face, this clause appears to condition the insurer's right to pursue claims on behalf of the insured upon the insurer's prior payment of the loss to the insured. Until this condition has been met, the insurer's right to subrogation is future, contingent, and uncertain. 73 Am. Jur. 2d *Subrogation* sec. 26, at 616 (1974).

■ State Farm's second argument is similarly unpersuasive. State Farm contends that "if there was any chance that Hall could be held liable to State Farm on the facts as pleaded by State Farm,

the trial judge erred in dismissing the Complaint." Significantly, State Farm cites absolutely no relevant authority. This is understandable, since, as we have indicated above, the law of Illinois is directly contra to the insurer's position. Suffice it to say, without any allegation that it has paid its insured for the loss it seeks to recover in the subrogation complaint, the insurer's complaint was properly dismissed.

■ State Farm next suggests that it would be inequitable to apply the requirement of payment in this case because of the possibility that Hall could successfully defend against a subsequent suit on the ground of time-barring. Unfortunately, the insecurity State Farm now faces is a risk that the insurer assumed by not reaching a timely settlement with its insured. Certainly the lapse of more than 6½ years since the fire insured against was not the result of any action or inaction on the part of Hall. Whether or not a statute-of-limitations defense would be successful if asserted by Hall is not, however, an issue before us in this appeal; and we decline to deem the possibility that the person primarily at fault for the insured's losses could ultimately escape liability as a sufficient ground for holding that the equities in this case favor allowing the insurer to pursue its subrogation action despite its failure to pay the insured.

Among the equity maxims that come into play when applying the doctrine of subrogation are that "no one shall be enriched by another's loss" and "he who comes into equity must come with clean hands." Clearly, particularly considering the pleadings before us, application of these maxims weighs in favor of enforcing the requirement that the insurer first pay its insured before maintaining its subrogation action. Moreover, were we to permit the insurer to proceed without having discharged its obligation to its insured, we would be defeating one of the primary functions of insurance—that is, recovering for one's losses quickly and simply by filing a claim with the insurer and avoiding the trouble, time, expense, and uncertainty of lawsuits—while doing nothing to discourage the insurer from delaying the settlement of claims, such as has been alleged in the main complaint in this case.

■ Finally, State Farm asserts that it has always acknowledged that it has an obligation to the Johnsons, it has "attempted to tender an appropriate amount to discharge [its] obligation," and that it "has set aside funds for meeting that obligation." Ergo, State Farm contends, under the doctrine of resulting trusts, State Farm's *intention* to part with the funds should absolve it of having to satisfy the payment condition before maintaining its subrogation suit. This the-

ory was never presented to the trial court. Thus, even were we to consider it otherwise meritworthy, we find that it has been waived for purposes of this appeal.

For the foregoing reasons, we affirm the trial court's dismissal of State Farm's third-party complaint.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.