KERRY L. ADOLPHSON, Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Third District No. 3—88—0810

Opinion filed August 29, 1989.

Jack L. Brooks, of Bozeman, Neighbour, Patton & Noe, of Moline (Robert J. Noe, of counsel), for appellant.

Robert T. Park, of Rock Island, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Kerry L. Adolphson, plaintiff, brought this action for declaratory judgment against his automobile insurance carrier, defendant Country Mutual Insurance Company (Country Mutual). Adolphson alleged that on November 10, 1986, while Country Mutual's policy was in force, he was injured in an automobile accident caused by the negligent driving of Connie Smith. As a result of the accident, Adolphson became legally entitled to recover damages for personal injury from Smith of approximately $113,200. Adolphson actually recovered $30,000, the limits of Smith's liability coverage, from Smith's insurer. Country Mutual then paid Adolphson $56,888.57 on the underinsured motorist coverage provided in its policy. This amount equalled the $100,000 limit in Country Mutual's underinsured motorist coverage, minus the amount recovered from Smith's insurer ($30,000), and minus the amount Country Mutual paid to the plaintiff for medical expenses under its medical payments coverage ($13,111.43). The plaintiff subsequently filed suit contending that Country Mutual was not entitled, pursuant to the Illinois underinsured motorist act, to reduce its underinsured motorist liability by the amount of its payments under the policy's medical payments provision. The defendant filed a motion to dismiss, which was granted. After plaintiff's motion for reconsideration was denied, he filed the instant appeal. We affirm. For clarity's sake, the reader is reminded that this case deals with an *under*insured rather than an *un*insured motorist. These are separate and distinctive words of art.

The underinsured motorist provision is found at section 143a—2(3) of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2(3)) and provides:

"(3) Required offer of underinsured motorist coverage. Until

July 1,. 1983, any offer made under subsection (1) of this Section shall also include an offer of underinsured motorist coverage. For the purpose of this Act the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the policy, and for which the sum of the limits of liability under all bodily injury liability insurance policies or under bonds or other security required to be maintained under Illinois law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident. *The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle.*" (Emphasis added.)

The sole issue presented on appeal is to determine whether the statute permits an insurer to reduce its underinsured motorist liability by amounts paid under other coverages in its policy, where the policy unambiguously permits such reductions. Payments made by defendant were, as plaintiff concedes, entirely consistent with the unambiguous language of the policy which, in relevant part, provides:

"1. Limits of Liability. The limit of liability shown on the declarations page under 'Medical Payments, each person,' is the maximum we will pay for each person sustaining bodily injury or death in any one accident ***. Expenses payable under Medical Payments, Coverage C, will be reduced, or if applicable will reduce any amounts owned or paid under the Liability, Uninsured Motorists, or Underinsured Motorists coverage of this policy. No payment will be made under Medical Payments, Coverage C, unless the injured person, or that person's legal representative agrees in writing that any payment will be applied in reduction of any amounts payable under Liability, Coverage A, Uninsured Motorists, Coverage U, or Underinsured Motorists coverage of this policy ***."

■■ ■ Plaintiff contends that this policy language is inconsistent with the statute. We agree with plaintiff that, if the policy provision were inconsistent with the Insurance Code, the statutory provision would control. (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851.) Plaintiff invokes the rule of statutory construction, *expressio unius est exclusio alterius, i.e.,* expression of

one thing is the exclusion of another. Since the statute reduces defendant's liability by the amount actually paid by the underinsured motorist or her insurer, and mentions no other reductions, plaintiff contends no other reductions of underinsured liability are permitted. It would follow that policy provisions, such as in the instant case, permitting reductions of liability on the underinsured coverage for payments under the medical payments coverage, would be void.

We do not agree with the defendant's interpretation of the underinsured motorist statute. Section 143a—2(3) does not enumerate all available credits which may be claimed by the insurer against its underinsured motorist liability. Instead, the statute sets forth the formula by which the insurer's maximum liability for underinsured motorist coverage may be determined. As applied to the instant case, the formula would be as follows:

| | |
|---|---|
| Limits of underinsured motorists coverage: | $100,000 |
| Less amount actually recovered from other vehicles's coverage | 30,000 |
| Equals limits of liability | $ 70,000 |

■ "Limits" in this context refers to the highest amount which the insurer providing underinsured motorist coverage must pay. The statute does not set a minimum, or floor, but rather a maximum, or ceiling. Nothing in the statute prevents the insurer from reducing its liability by amounts paid under other coverages in the same policy. The policy in the instant case unambiguously permits a reduction in underinsured motorist liability.

Plaintiff relies on *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330. *Glidden* deals with an uninsured rather than an underinsured motorist. *Glidden* decided that the insured could recover from one insurer under the uninsured motorist provisions of three separate policies, for which three separate premiums were paid. Defendant had contended that its obligation under each of the three separate policies would be prorated to take into account the money paid by the other two. Thus, where the uninsured motorist coverage was $10,000 per policy, each policy would pay $3,333.33, to a total of $10,000. Plaintiff contended that he should be allowed to recover the full amount under each policy, *i.e.*, a total of $30,000. Our supreme court sustained this argument, holding that an ambiguity existed with respect to the "other insurance" clause. That ambiguity was resolved in favor of the insured so as not to include other policies owned by insured with the same insurer, so long as the multiple recovery did not exceed the total damages sustained. Plain-

tiff therefore obtained a total of $30,000 from the uninsured motorist coverage in three separate policies.

*Glidden* is distinguishable from the instant case for several reasons. First, *Glidden* involved the stacking of multiple policies with the same coverage. Second, there existed ambiguity in the extent of coverage and exclusions in the policies in *Glidden*. Third, plaintiff had paid separate premiums in each of his three policies for the uninsured motorist protection. Only one policy is involved in the instant case. One premium was paid for the coverage which was clearly defined in the policy.

Plaintiff also invokes language in *Glidden* speaking to medical payment setoffs against uninsured motorist coverage. Such setoffs were not permitted in *Glidden* because compensation to the injured party could be less than that paid if the uninsured motorist had been insured in compliance with the financial responsibility law. However, such a consideration does not obtain for underinsured motorist coverage. Such coverage must be in excess of the minimum required under the financial responsibility law. (*Glazewski v. Allstate Insurance Co.* (1984), 126 Ill. App. 3d 401, *rev'd on other grounds* (1985), 108 Ill. 2d 243.) Thus, compensation provided in the underinsured motorist coverage will always exceed that payable when the other motorist carries the minimum insurance required by statute. To the extent that *Glidden* may articulate a public policy applicable to underinsured motorist coverage, that policy is satisfied in underinsured coverage issued in Illinois. *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420.

Because our construction of the term "limits of liability" in the underinsured motorist provision of the statute, we find that the cases plaintiff relies on construing the uninsured motorist provision to be inapplicable.

Accordingly, we affirm the order of the circuit court of Rock Island County dismissing the complaint.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.