200 Ill. App.3d 597 (1990)
558 N.E.2d 396
PROVIDENCE WASHINGTON INSURANCE COMPANY, Indiv. and as Subrogee of Inland Construction Company, Plaintiff-Appellant,
v.
AMERICAN BRIDGE DIVISION OF UNITED STATES STEEL CORPORATION, Defendant-Appellee.
No. 1-87-2813.
Illinois Appellate Court  First District (3rd Division).
Opinion filed June 27, 1990.
Rehearing denied August 10, 1990.
*598 Kiesler & Berman, of Chicago (Robert L. Kiesler and David J. Kiesler, of counsel), for appellant.
Gessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd., of Chicago (John K. Hughes, William P. Jones, and Patricia A. Felch, of counsel), for appellee.
Order affirmed.
JUSTICE RIZZI delivered the opinion of the court:
Plaintiff-appellant, Providence Washington Insurance Company, individually and as subrogee of Inland Construction Company (Providence), appeals from an order of the circuit court of Cook County which dismissed counts I and II of its complaint for declaratory judgment against defendant-appellee, American Bridge Division of United States Steel Corporation (American). On appeal, Providence contends that the trial court erred in dismissing counts I and II of its complaint. We affirm.
This action arose out of an underlying lawsuit filed by Alfonso Velasco (Velasco) against Inland Construction Company et al. (Inland), alleging violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 et seq.) which resulted in injuries to Velasco while he was employed by Inland on a construction project.
Prior to the accident, Inland, as general contractor, and American, as subcontractor, entered into a construction contract for work on the 333 West Wacker Drive project in Chicago. The contract provided, inter alia, that American's worker's compensation self-insurance and casualty fund program would serve to indemnify Inland for *599 liabilities arising from American's negligence which caused any injuries, property damage or death during work on the project. American also purchased an insurance policy from the Insurance Company of North America (INA), which named Inland as an additional insured. Inland purchased its own insurance policy from Providence to cover its potential liability for any injuries or damages occurring during the construction project.
After Velasco's lawsuit was filed, Inland tendered its defense in the matter to American. However, neither American nor any insurance company retained by American undertook the defense and/or indemnity of Inland in the Velasco lawsuit. Pursuant to its insurance policy issued to Inland, Providence undertook Inland's defense.
Thereafter, Providence filed a complaint for declaratory judgment against American, Patent Scaffolding Company (another subcontractor), INA and Velasco. Count I of the complaint alleged that the portion of Inland's and American's contract which purported to name American as the insurer of Inland through its self-insurance program was void and that American had therefore failed to provide insurance as required by their agreement. The complaint requested that the court therefore enter a declaratory judgment finding and determining that: (1) American breached that portion of its contract with Inland which required it to obtain insurance coverage on behalf of Inland; (2) American is indebted to Providence for a proportionate share of the cost of Inland's defense; and (3) in the event indemnity payments are required to satisfy the Velasco lawsuit, American should be required to pay a proportionate share of the payment. Count II of the complaint alleged that the self-insurance clause of the parties' contract was illusory and requested the same relief as count I.
Providence predicated its claims against American on the theories that: (1) American's failure to procure insurance for Inland gave rise to Providence's right to subrogate Inland's contractual rights for indemnification and defense costs from American and (2) American's failure to procure insurance for Inland triggered the doctrine of equitable contribution among co-insurers.
American filed a motion to dismiss counts I and II of Providence's declaratory judgment complaint which alleged that because Providence had not paid a settlement or judgment on behalf of Inland it could not be its subrogee and, thus, was not entitled to equitable contribution from American. Following a hearing, the trial court granted American's motion to dismiss. This appeal followed.
On appeal, Providence contends that the trial court erred in dismissing counts I and II of its complaint for declaratory judgment. *600 Providence further contends that it has standing as subrogee of its insured to seek a declaration that American is liable for a proportionate share of the defense and indemnity payments Providence has made and will make on behalf of Inland. In addition, Providence contends that it has standing to pursue a cause of action for equitable contribution since American has a concurrent obligation to satisfy defense costs and indemnity payments on behalf of Inland. We disagree.
 1-3 The basic requirements for bringing an action for declaratory relief are (1) there must be an actual controversy, i.e., a legitimate dispute admitting of an immediate and definitive determination of the parties' rights which will aid in the termination of the controversy or some part thereof and (2) the party bringing the action must be interested in the controversy. (Ill. Rev. Stat. 1987, ch. 110, par. 2-701; Royal Globe Insurance Co. v. Aetna Insurance Co. (1980), 82 Ill. App.3d 1003, 1005-06, 403 N.E.2d 680, 682.) In addition, before a potential subrogee may assert a right of subrogation it must satisfy in full the claim or debt for which it seeks reimbursement. Until this condition has been met, the insurer's right to subrogation is future, contingent and uncertain. (Johnson v. State Farm Fire & Casualty Co. (1987), 151 Ill. App.3d 672, 674, 503 N.E.2d 602, 604.) The right to contribution does not arise by way of an independent agreement between the parties or subrogation; it arises when one insurer pays money for the benefit of another insurer. (Royal Globe Insurance Co., 82 Ill. App.3d at 1006.) Further, it is well settled that a declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not then ripe for adjudication. Maryland Casualty Co. v. Chicago & North Western Transportation Co. (1984), 126 Ill. App.3d 150, 156, 466 N.E.2d 1091, 1095-96.
 4 In the present case, when the complaint for declaratory judgment was filed, Providence had not satisfied in full either a settlement or judgment on behalf of its insured, Inland. Thus, Providence was not an "interested" party within the meaning of the declaratory action statute. Further, Providence was not entitled to a declaration of its right to subrogation for the same reason, i.e., failure to satisfy in full the claim or debt for which it sought declaration of a right to contribution. In addition, the underlying lawsuit had not yet concluded and neither Inland nor American had been found liable to Velasco. We therefore conclude that because Providence's right of subrogation was contingent and neither Inland's nor American's liability had been determined when its complaint for declaratory judgment *601 was filed, the trial court did not err in dismissing counts I and II of the complaint.
Accordingly, the judgment of the circuit court is affirmed.
Affirmed.
FREEMAN and McNAMARA, JJ., concur.