616 N.E.2d 1021 (1993)
247 Ill. App.3d 480
186 Ill.Dec. 579
Mary J. BANES, as Guardian of the Estate of Susan F. Faciano, a Disabled Person, Plaintiff-Appellee,
v.
WESTERN STATES INSURANCE COMPANY, Defendant-Appellant.
No. 2-92-0718.
Appellate Court of Illinois, Second District.
July 15, 1993.
*1022 Ian M. Sherman, Rebecca O. Carlins, Rooks, Pitts & Poust, Chicago, for Western States Ins. Co.
James S. Cowlin, Truckenbrod & Cowlin, McHenry, for Mary J. Banes as Guardian of Estate of Faciano.
Justice WOODWARD delivered the opinion of the court:
Defendant, Western States Insurance Company, appeals the order of the circuit court entering summary judgment in favor of plaintiff, Mary J. Banes, as guardian of the estate of Susan Faciano, in her declaratory judgment action. The issue for review is whether an insurer is entitled to reduce the amount payable to its insured by the amount paid by an underinsured tort-feasor when the insured's damages exceed the limits of both policies.
Plaintiff sought a declaratory judgment against defendant based on an accident caused by Jennifer King, who injured the insured, Susan Faciano. Plaintiff's insurance policy included an underinsured motorist *1023 coverage with a bodily injury limit of $100,000. King's insurance policy had a bodily injury liability limit of $50,000. Faciano's damages exceeded $300,000. King's insurer proposed to settle with plaintiff for the policy limit of $50,000. Plaintiff then sought $100,000 from defendant under the underinsured motorist coverage. Defendant claimed that it was liable for only $50,000 because it was entitled to deduct the $50,000 to be paid on behalf of King. Plaintiff sought a declaration that she is entitled to the full $100,000 in underinsured motorist coverage from defendant.
Defendant answered the complaint and attached a copy of the insurance policy to its answer. The limit of liability section of the underinsured motorist coverage provision provided, in relevant part, that "the limit of liability shall be reduced by all sums paid because of the `bodily injury' by or on behalf of persons or organizations who may be legally responsible." Based on the insurance policy and on section 143a-2 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/143a-2 (West 1992)), defendant moved for summary judgment. Defendant asserted that under the policy it was entitled to a reduction by the amount paid on behalf of the underinsured driver. Plaintiff filed a cross-motion for summary judgment, arguing that, under Hoglund v. State Farm Mutual Automobile Insurance Co. (1992), 148 Ill.2d 272, 170 Ill.Dec. 351, 592 N.E.2d 1031, since plaintiff's damages exceed the amounts of both insurance policies, defendant was not entitled to a setoff.
The court entered summary judgment in favor of plaintiff and denied defendant's motion for summary judgment based on its interpretation of Hoglund. The court stated that it would be a violation of public policy to allow a setoff when there is no double recovery by the plaintiff. The court therefore ruled that plaintiff was entitled to the policy limit of $100,000. Defendant timely appealed.
Defendant contends that the trial court erred in entering summary judgment for plaintiff and against defendant. Summary judgment is appropriate where, as here, there are no factual issues, and the court entered judgment as a matter of law. (Monsalud v. State Farm Mutual Automobile Insurance Co. (1991), 210 Ill. App.3d 102, 106, 154 Ill.Dec. 748, 568 N.E.2d 969; 735 ILCS 5/2-1005(c) (West 1992).) The construction of the terms of an insurance policy and the effect of the statutory requirements are questions of law appropriate for a summary judgment disposition. (Librizzi v. State Farm Fire & Casualty Co. (1992), 236 Ill.App.3d 582, 587, 177 Ill.Dec. 751, 603 N.E.2d 821.) In such a situation, the reviewing court must determine whether judgment was entered correctly for the moving party as a matter of law. (University of Illinois v. Continental Casualty Co. (1992), 234 Ill.App.3d 340, 343, 175 Ill.Dec. 324, 599 N.E.2d 1338.) We review the entry of summary judgment de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co. (1992), 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204.
When the language of an insurance policy is clear and unambiguous, the court will give effect to those terms. (Grevas v. United States Fidelity & Guaranty Co. (1992), 152 Ill.2d 407, 410, 178 Ill.Dec. 419, 604 N.E.2d 942.) As noted above, the insurance policy at issue provides that defendant's liability shall be reduced by the amount paid on behalf of the underinsured driver. This language is clear and unambiguous. "Parties to a contract may agree to any terms they choose unless their agreement is contrary to public policy." (Sulser v. Country Mutual Insurance Co. (1992), 147 Ill.2d 548, 559, 169 Ill.Dec. 254, 591 N.E.2d 427.) Section 143a-2(4) of the Insurance Code provides that "[t]he limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." (215 ILCS 5/143a-2(4) (West 1992).) The public policy embodied in this statute is to "fill the gap" between the amount recovered from the underinsured driver's insurance and the amount of *1024 coverage provided in the insured's policy. (Sulser, 147 Ill.2d at 556, 169 Ill.Dec. 254, 591 N.E.2d 427.) The underinsured motorist provision here does not conflict with the policy embodied in the statute.
Defendant argues that the court improperly relied on Hoglund to find that defendant was not allowed a reduction. In each consolidated case in Hoglund, the insured was injured by both an insured tort-feasor and an uninsured tort-feasor. The insurer attempted to set off the amount of uninsured motorist coverage by the amount paid on behalf of the insured tort-feasor, so that the insured party would receive nothing from the uninsured motorist coverage. The supreme court rejected the insurer's interpretation of the policy and the Insurance Code. The court noted the insurer's argument would frustrate the purpose of uninsured motorist coverage, which is to place the insured in substantially the same position as if the uninsured driver had been insured. (Hoglund, 148 Ill.2d at 279-80, 170 Ill.Dec. 351, 592 N.E.2d 1031.) The court held that the insurer was entitled to a setoff only to the extent necessary to prevent a double recovery. 148 Ill.2d at 280-81, 170 Ill.Dec. 351, 592 N.E.2d 1031.
While we agree with plaintiff that the Hoglund rationale is not limited to uninsured motorist cases, Hoglund nevertheless is distinguishable from the present cause. The concern for double recovery arises only in the context of more than one tort-feasor, as the amount paid by one tort-feasor acts to reduce the recoverable damages from the remaining tort-feasors. (See Greenawalt v. State Farm Insurance Co. (1991), 210 Ill.App.3d 543, 547, 155 Ill.Dec. 154, 569 N.E.2d 154, aff'd sub nom. Hoglund v. State Farm Mutual Automobile Insurance Co. (1992), 148 Ill.2d 272, 170 Ill.Dec. 351, 592 N.E.2d 1031.) In that situation, if the plaintiff's damages did not amount to the full liability limits of both tort-feasors, the plaintiff could not recover the full amount from both insurance policies. It is only when the plaintiff's damages exceed both tort-feasors' policy limits and his or her own uninsured or underinsured motorist coverage limits that the plaintiff is entitled to recover the full amount from all policies. Here there was only one tortious driver.
This cause is more like the situation in Obenland v. Economy Fire & Casualty Co. (1992), 234 Ill.App.3d 99, 174 Ill.Dec. 915, 599 N.E.2d 999. In Obenland, the plaintiffs were injured by an underinsured driver. The plaintiffs had four insurance policies, each with underinsured motorist coverage limits of $300,000 per person/$300,000 per incident, and the underinsured motorist's insurer paid $200,000. Based on Hoglund, the plaintiffs sought to stack their insurance policies to their limits, provided they did not recover more than their actual damages. The court found that Hoglund was distinguishable because there was only one tort-feasor in Obenland, and the application of the policy provisions did not result in the plaintiffs being in a worse position than they would have been in had the underinsured motorist been insured adequately. Obenland, 234 Ill. App.3d at 110-11, 174 Ill.Dec. 915, 599 N.E.2d 999.
We agree with defendant that the Hoglund rationale does not apply here. As in Obenland, there is only one tort-feasor here, and allowing defendant to reduce the amount of its liability of underinsured motorist coverage by the amount paid on King's behalf will not result in plaintiff being in a worse position than if King had $100,000 in insurance.
Plaintiff points out that the court in Hoglund noted that the setoff provisions in the statute and in the insurance policy were intended to prevent a double recovery by the insured and, where there is no double recovery, the insurer is not entitled to a setoff. (Hoglund, 148 Ill.2d at 276-77, 170 Ill.Dec. 351, 592 N.E.2d 1031.) Plaintiff reasons that, since she incurred damages in excess of $100,000, there could be no double recovery if the reduction is not allowed. However, plaintiff's reliance on Hoglund is misplaced.
Hoglund concerned a setoff provision in an un insured motorist coverage provision and under the provisions of the un insured motorist coverage statute (215 *1025 ILCS 5/143a (West 1992)) when there were two tort-feasors. The supreme court in Hoglund found that, because there were two tort-feasors, one insured, one uninsured, the setoff provision in the insurance policy was rendered ambiguous. The court construed the provision in favor of the insured to conclude that the setoff provision was to prevent a double recovery. (148 Ill.2d at 280-81, 170 Ill.Dec. 351, 592 N.E.2d 1031.) Under section 143a(4) of the Insurance Code, the insurer is entitled to subrogation for any amount paid to the plaintiff on behalf of the uninsured driver after the insurer has paid the full amount of coverage. (215 ILCS 5/143a(4) (West 1992).) The subrogor must pay its insured in full before it is entitled to subrogation (Johnson v. State Farm Fire & Casualty Co. (1987), 151 Ill.App.3d 672, 674-75, 104 Ill.Dec. 887, 503 N.E.2d 602), and the right of subrogation may be waived (see Hardware Dealers Mutual Fire Insurance Co. v. Ross (1970), 129 Ill.App.2d 217, 225-26, 262 N.E.2d 618). "Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so." Dix Mutual Insurance Co. v. LaFramboise (1992), 149 Ill.2d 314, 319, 173 Ill.Dec. 648, 597 N.E.2d 622.
Here, however, defendant seeks to reduce the amount it owes plaintiff pursuant to an under insured motorist coverage provision by the amount paid by a sole tort-feasor. (Adolphson v. Country Mutual Insurance Co. (1989), 187 Ill.App.3d 718, 722, 135 Ill.Dec. 397, 543 N.E.2d 965; see also Sulser, 147 Ill.2d at 557, 169 Ill.Dec. 254, 591 N.E.2d 427.) Since there is only one tort-feasor here, there is no latent ambiguity in the policy. The Insurance Code provides that the insurer pays less than the limit of coverage based on the amount paid by the underinsured driver. (215 ILCS 5/143a-2(4) (West 1992).) This reduction in the amount of underinsured motorist coverage is distinct from the right of subrogation. (See Monsalud v. State Farm Mutual Automobile Insurance Co. (1991), 210 Ill.App.3d 102, 109, 154 Ill.Dec. 748, 568 N.E.2d 969.) Thus, the setoff or reduction provision in the underinsured motorist statute and in the policy is not designed to prevent a double recovery of the insured's tort damages, but to "fill the gap" between the amount recovered from the underinsured driver's insurance and the amount of coverage provided in the insured's policy. Sulser, 147 Ill.2d at 556, 169 Ill.Dec. 254, 591 N.E.2d 427.
Moreover, the setoff or reduction provision of the insurance policy must be read in conjunction with the public policy behind the statute and the coverage intended by the insurance policy. (Hoglund, 148 Ill.2d at 279, 170 Ill.Dec. 351, 592 N.E.2d 1031.) The policy provision in Hoglund violated public policy because it would have resulted in the insured being in a worse position than if the uninsured driver had been insured. (148 Ill.2d at 279-80, 170 Ill.Dec. 351, 592 N.E.2d 1031.) Plaintiff's interpretation would violate the purpose of underinsured motorist coverage and the plain language of the statutory provision. (See 215 ILCS 5/143a-2(4) (West 1992).) Underinsured motorist coverage is "not intended to allow the insured to recover amounts from the insurer over and above the coverage provided by the underinsured motorist policy." (Sulser, 147 Ill.2d at 556, 169 Ill.Dec. 254, 591 N.E.2d 427.) The limit of an insurer's liability in the underinsured motorist context "refers to the highest amount which the insurer providing underinsured motorist coverage must pay. The statute does not set a minimum, or floor, but rather a maximum, or ceiling." (Adolphson, 187 Ill.App.3d at 721, 135 Ill.Dec. 397, 543 N.E.2d 965.) A plaintiff may receive the full amount of coverage and still not be made whole in tort damages. (See Fuoss v. Auto Owners (Mutual) Insurance Co. (1987), 118 Ill.2d 430, 434-35, 114 Ill.Dec. 113, 516 N.E.2d 268.) To allow plaintiff to recover the full amount of underinsured motorist coverage without a reduction by the $50,000 paid by King's insurer would result in plaintiff receiving $150,000, as compared with the $100,000 she would have received had King been insured for the full amount that Faciano had contracted for in her insurance policy. This is not merely filling the gap in coverage. "When the insured opts for $100,000 in coverage *1026 against either uninsured or underinsured motorist risks, he is assured of receiving no more than that amount." Sulser, 147 Ill.2d at 557, 169 Ill.Dec. 254, 591 N.E.2d 427.
Our law is clear that an insurer is liable for underinsured motorist coverage only for the difference between the amount recovered from the tortious driver and the stated limit for underinsured motorist coverage. (Rutter v. Horace Mann Insurance Co. (1989), 190 Ill.App.3d 467, 481-82, 137 Ill.Dec. 366, 545 N.E.2d 1381; 215 ILCS 5/143a-2(4) (West 1992).) In the present situation, the total amount of the insured's tort damages is irrelevant to the question of the amount of the reduction. The relevant factor is the amount the plaintiff actually recovered from the tortious driver or drivers and/or workers' compensation. See Sulser, 147 Ill.2d at 557-58, 169 Ill.Dec. 254, 591 N.E.2d 427.
Plaintiff contracted for $100,000 in underinsured motorist coverage. Under Sulser, plaintiff is entitled to a total recovery of $100,000. Plaintiff received $50,000 from King's insurer. Plaintiff therefore needs $50,000 to "fill the gap" in the coverage. Reducing defendant's payment to $50,000 would "fill the gap" and ensure that plaintiff receives what she would have recovered had King been insured adequately. Thus, the court erred in granting summary judgment for plaintiff and against defendant. We therefore reverse the entry of summary judgment for plaintiff and enter summary judgment in favor of defendant as a matter of law.
The judgment of the circuit court is reversed.
Reversed.
UNVERZAGT and COLWELL, JJ., concur.