# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Daniel v. Aon Corp.*, 2011 IL App (1st) 101508

---

| | |
|---|---|
| Appellate Court Caption | ALAN S. DANIEL and WILLIAMSON COUNTY AGRICULTURAL ASSOCIATION, on behalf of themselves and all others similarly situated, Plaintiff, v. AON CORPORATION *et al.*, Defendants.–FREED & WEISS LLC, Plaintiff-Appellant, v. EDWARD JOYCE & ASSOCIATES and THE PATCHETT LAW FIRM, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1–10–1508 |
| Filed | May 24, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute between the law firms representing plaintiffs in a major class action over the division of the attorney fees of $19 million awarded to class counsel in the settlement of the action, the trial court properly denied plaintiff law firm's petition for $950,000 additional attorney fees and its cross-motion for summary judgment, notwithstanding a letter outlining an agreement among the six law firms involved regarding the prosecution of the class action providing that defendant law firms would receive "15% off the top of the fees awarded," and plaintiff's service as associated counsel to defendant firms entitled plaintiff to one-third of the 15%, since the trial court properly concluded that plaintiff law firm had already been paid for the work it performed, and in litigation where the outcome creates a common fund, such as the instant class action, the common fund doctrine requires that counsel provide legal services toward creating, preserving or increasing a fund in which others have an ownership interest, and in the absence of any evidence that plaintiff firm provided work in addition to the 142.8 hours for which it was paid $43,931 lodestar value, plaintiff's claim for more monies could not stand. |

| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 99–CH–11893, 99–CH–11893; the Hon. Sophia H. Hall, Judge, presiding. |
| --- | --- |
| Judgment | Affirmed. |
| Counsel on Appeal | Freed & Weiss LLC, of St. Louis, Missouri (Richard J. Burke, of counsel), for appellant. |
| | Nisen & Elliott, LLC, of Chicago (Michael H. Moirano and Claire E. Gorman, of counsel), for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. |
| | Presiding Justice Cunningham and Justice Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1     In this appeal we decide that the plaintiff is not entitled to additional attorney fees for participating in a settled class action. The trial court denied plaintiff's petition for $950,000 additional attorney fees and its cross-motion for summary judgment. Plaintiff argues that numerous factual questions exist precluding the grant of summary judgment to defendants. For the reasons hereinafter set forth, we are not persuaded and affirm.

¶ 2                                    JURISDICTION

¶ 3     The trial court entered a final judgment in the instant case on April 30, 2010, and plaintiff filed its notice of appeal on May 26, 2010. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                                    BACKGROUND

¶ 5     The law firms of Kirby McInerny & Squire, LLP (KMS), Futterman & Howard, Chtd., and The Jacobs Law Firm, Chtd. (collectively referred to as Kirby group), filed the underlying class action suit against Aon Corporation (Aon) on behalf of Alan Daniel. After becoming concerned that Mr. Daniel might not be an appropriate class representative, the

Kirby group solicited Edward Joyce of Edward Joyce & Associates to find a more suitable class representative. Mr. Joyce contacted Randy Patchett of the Patchett Law Firm, who secured Williamson County Agricultural Association to serve as a class representative. Defendants invited Freed & Weiss, LLC, to participate in the class action litigation.

¶ 6    Edward Joyce & Associates, the Patchett Law Firm, and plaintiff are collectively referred to as "Williamson counsel" in a written letter agreement entered into with the Kirby group on December 28, 2000. The letter outlined the agreement among the six law firms regarding the prosecution of a class action against Aon. The letter specified:

"1. [Williamson counsel has] referred their client, Williamson County Agricultural Association (Williamson), to KMS for inclusion as a plaintiff in the pending class action styled *Daniel v. Aon Corporation, et al.,* referenced above, or for the commencement of a similar class action on Williamson's behalf.

\*\*\*

3. In consideration for the services performed by Williamson's Counsel in connection with preparing the Williamson case, and in the event the court awards fees to plaintiffs' counsel in this action, Williamson's Counsel collectively will receive 15% off the top of the fees awarded to plaintiffs' counsel in this action, subject to the conditions specified below. In addition, Williamson's Counsel collectively will receive significant work in the referenced class action or a similar class action to be commenced on behalf of Williamson.

4. KMS will act as lead counsel and will be responsible for managing the prosecution of this action \*\*\*.

5. [Williamson counsel] \*\*\* will act as members of, and constitute, an Executive Committee. The Executive Committee shall be responsible for assisting KMS in the prosecution of this action.

\* \* \*

8. Williamson's counsel represent that Williamson has agreed to the terms hereof."

¶ 7    On March 30, 2006, the court in the underlying action entered an order approving a class settlement of at least $89 million to the class and $19 million in fees to class counsel. From the $19 million award, the plaintiff was paid $43,931.50 lodestar value for 142.8 hours work on the case. Meanwhile, a dispute arose between KMS of the Kirby group and defendant Joyce of Williamson counsel regarding the allocation of the $19 million fee award. Specifically, the parties disagreed on defendant Joyce's payment for its work as co-counsel prosecuting class claims unrelated to Williamson's claim. The parties submitted their dispute to binding arbitration. The final arbitrator's award stated in its findings that "[p]aragraph 3 of the [December 28, 2000, agreement] entitles Williamson's Counsel to 15% of the total award of $19,000,000, plus a lodestar fee, without enhancement, of their work on the matter unrelated to preparing the Williamson case." The final award was affirmed in *Stone v. Joyce*, No. 07-cv-1936 (N.D. Ga. Mar. 31, 2008). In its order, the federal district court stated that the 15% off-the-top award was compensation for defendant Joyce's work on the Williamson portion of the case.

¶ 8    On March 30, 2006, the plaintiff filed a motion in the circuit court seeking its alleged share of "the 15% off the top of the fees awarded to plaintiffs' counsel" as stated in the December 28, 2000, letter agreement. In the motion, plaintiff additionally claimed that an oral fee-sharing agreement specified that Williamson counsel would divide the 15% proceeds "into equal shares of 5% each" (or $950,000). They filed a second motion for the 15% share on December 5, 2008, arguing instead that the December 28, 2000, letter agreement represented a written fee-sharing agreement and that the 15% represented a "referral fee" rather than an award for work performed in the case.

¶ 9    The trial court directed plaintiff to present its claim for additional fees in the form of a petition for fees, which they filed on January 22, 2010. In its petition, plaintiff contended it was entitled to $950,000 in fees based on (1) an oral fee-sharing agreement; (2) a written fee-sharing agreement; (3) a joint venture agreement; and (4) a referral agreement. Plaintiff also argued that the 15% award referenced in the December 28, 2000, letter agreement was for work performed by Williamson counsel before the case was filed and that plaintiff was entitled to the $950,000 in fees because it served as associate counsel to defendants.

¶ 10    Defendants filed a response to the petition and thereafter moved for summary judgment. Defendants argued that Illinois law firmly established that any judicial award of attorney fees to class counsel must be based on attorney services creating, preserving, or increasing the value of the class benefit. Defendants argued that plaintiff has the burden to prove it is entitled to an award based on work it performed, and since plaintiff did not meet that burden, its petition must fail. Plaintiff filed a cross-motion for summary judgment, alleging that the trial court should grant its petition because plaintiff served as associate counsel in the class action, and the December 28, 2000, letter agreement "established a joint venture among Williamson's counsel" entitling plaintiff to one-third of the 15% off-the-top of the award.

¶ 11    On April 30, 2010, after a hearing on the cross-motions for summary judgment, the trial court entered an order granting defendants' summary judgment motion and denying plaintiff's cross-motion for summary judgment. The trial court concluded that plaintiff did not prove it was entitled to additional fees since it already received payment for the work it performed on the case. The trial court also denied plaintiff's petition to enforce the fee-sharing agreement and allocate 15% attorney fees. It ordered that the $950,000 deposited by defendants with the clerk of the circuit court pending resolution of this dispute be released to defendants. On May 6, 2010, plaintiff filed a motion to disclose allocation of funds which the trial court denied. Plaintiff filed this timely appeal.

¶ 12                          STANDARD OF REVIEW

¶ 13    The trial court below granted summary judgment in favor of defendants and denied plaintiff's cross-motion for summary judgment. Summary judgment is proper where the pleadings, depositions, and admissions on file, together with affidavits, reveal no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). Generally, the proper standard for reviewing a trial court's order granting summary judgment is *de novo*. *Ragan v. Columbia*

*Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998). Defendants, however, argue that the trial court's determination of attorney fees is reviewed for an abuse of discretion. See *In re Marriage of Bussey*, 108 Ill. 2d 286, 299 (1985) ("awarding of attorney fees and the proportion to be paid are within the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion"). Defendants maintain that even when the issue of attorney fees is resolved within the context of summary judgment, the standard of review remains abuse of discretion, citing *Purdy Co. of Illinois v. Transportation Insurance Co.*, 209 Ill. App. 3d 519, 529 (1991); *Fiorito v. Jones*, 72 Ill. 2d 73, 87-88 (1978); *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997); and *In re Marriage of Bussey*, 108 Ill. 2d 286 (1985).

¶ 14      In *Purdy*, the appellate court affirmed the trial court's order granting summary judgment in favor of defendant on plaintiff's two-count complaint. *Purdy*, 209 Ill. App. 3d at 525. Regarding count II of the complaint, the court stated it "must consider *** whether the trial court abused its discretion in granting summary judgment on count II, which sought attorney fees and costs." *Purdy*, 209 Ill. App. 3d at 529. The *Purdy* court, however, never reached the issue on the merits, determining instead that since it "affirmed the entry of summary judgment as to count I, the issue, as framed by count II *** is rendered moot." *Purdy*, 209 Ill. App. 3d at 529-30. Furthermore, none of the other cases cited by defendants involved summary judgments that resolved the issue of attorney fees.

¶ 15      A case that has determined the attorney fees issue within the context of summary judgment is *West American Insurance Co. v. J.R. Construction Co.*, 334 Ill. App. 3d 75, 79 (2002). In *West American*, this court reviewed the trial court's order on cross-motions for summary judgment and considered whether defendant was entitled to attorney fees and other costs under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)). *West American Insurance Co.*, 334 Ill. App. 3d at 77. Although plaintiff argued that abuse of discretion is the proper standard when reviewing a section 155 (attorney fees) claim, the *West American* court disagreed, holding that "the proper standard of review applied to an award under section 155 pursuant to a summary judgment is a *de novo* standard. [Citations.]" *West American Insurance Co.*, 334 Ill. App. 3d at 88. See also *Mobil Oil Corp. v. Maryland Casualty Co.*, 288 Ill. App. 3d 743, 751 (1997) (the trial court properly considered the section 155 claim in the summary judgment motion, and appellate review of its order granting summary judgment is *de novo*). Therefore, the appropriate standard of review here is *de novo*.

¶ 16                         ANALYSIS

¶ 17      As a preliminary matter, plaintiff contends the trial court "ordered the parties to file competing motions for Summary Judgment and Cross Motion for Summary Judgment so as to allow for resolution by summary judgment." However, review of the record indicates that the trial court did not order the parties to file competing summary judgment motions. The trial court's order referenced by plaintiff merely provides a briefing schedule for the summary judgment motions voluntarily filed by the parties. We find nothing here to suggest

the trial court compelled disposition of this action through summary judgment.  Also, since the parties filed cross-motions for summary judgment below, they concede the absence of a genuine issue of material fact and invite the court to decide the questions presented as a matter of law.  *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755 (2005).  Therefore, plaintiff's arguments in its brief referencing a factual dispute are contrary to the record before us, and the sole issue on review is whether defendant is entitled to judgment as a matter of law.

¶ 18    Illinois law reflects the long-standing general rule that the prevailing party bears the costs of litigation, unless otherwise provided for in a statute or by agreement between the parties.  *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill. 2d 235, 238 (1995).  However, in litigation where the outcome has created a common fund, such as successful class action litigation, the common fund doctrine applies.  *Brundidge*, 168 Ill. 2d at 238.  This doctrine allows an attorney who " 'creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees.' "  *Brundidge*, 168 Ill. 2d at 238 (quoting *Swedish Hospital Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993)).  The doctrine is based on the court's inherent equitable powers and the rationale that successful litigants would obtain unjust enrichment if their attorneys did not receive compensation from the common fund.  *Brundidge*, 168 Ill. 2d at 238.  An attorney may collect fees under the common fund doctrine if: (1) the legal services of the attorney created the fund from which fees are sought; (2) the beneficiaries of the fund did not help in its creation; and (3) the beneficiaries derive or will derive a benefit from the fund's creation.  *Village of Clarendon Hills v. Mulder*, 278 Ill. App. 3d 727, 732 (1996).

¶ 19    The resolution of the underlying class action suit in the case at bar resulted in a common fund.  As discussed above, the threshold requirement for attorneys to receive fees from a common fund is that they provide legal services toward creating, preserving, or increasing the value of a fund in which others have ownership interest.  The record shows that plaintiff was paid $43,931.50 lodestar value for 142.8 hours work on the prosecution of the case.  In its petition, plaintiff concedes that it worked only a "small number of hours *** after the Williamson case was filed."  Without a showing plaintiff worked additional hours in excess of the 142.8 hours for which it already has been compensated, plaintiff's claim for more monies cannot stand.

¶ 20    Although plaintiff does not contest the amount of work performed on the case after it was filed, plaintiff argues that it did "substantial work prior to the filing of the case, which was not included" in the lodestar calculations.  In support, plaintiff cites to the uncontradicted affidavit of Paul Weiss.  However, Mr. Weiss in the affidavit merely stated that plaintiff "did substantial work prior to the filing of the case, which was not included" in the number of hours it worked and billed on the prosecution of the case. Plaintiff here bears the burden of proving the compensation due for its services.  *McHugh v. Olsen*, 189 Ill. App. 3d 508, 514 (1989).  Factors to consider are the time and labor required, the difficulty of the issues, the skill required, experience and ability of the attorney, the results obtained, and the customary fee charged.  *In re Estate of Healy*, 137 Ill. App. 3d 406, 409 (1985).  Plaintiff did not provide any additional evidence as to these factors.  As no issue of genuine fact exists

regarding plaintiff's entitlement to additional fees, the trial court properly granted defendant's motion for summary judgment.

¶ 21    As further support, defendants cite to *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 216 (2d Cir. 1987). In *Agent Orange*, the court refused to enforce a private fee-sharing agreement between the parties because it required the fee award to be disbursed based on the amount each attorney had advanced for expenses, regardless of the amount of work actually performed. *In re "Agent Orange,"* 818 F.2d at 217. Plaintiff disputes the applicability of the case and questions the validity of *Agent Orange*'s holdings. Plaintiff argues that some of the precedents on which the court in *Agent Orange* relied have been expressly abrogated by subsequent federal court decisions. As we have discussed the issue using state court precedent, we need not determine the applicability of *Agent Orange*. This court is not bound by federal circuit or district court cases. *People v. Spears*, 371 Ill. App. 3d 1000, 1006 (2007).

¶ 22    Plaintiff next argues that it is entitled to a portion of the 15% off-the-top fee award based on a fee agreement among Williamson counsel. Plaintiff maintains that two employment letters in which client Williamson authorized defendants to hire plaintiff as associate counsel, in conjunction with the December 28, 2000, letter agreement, comprise the fee agreement. We agree that the three letters comprise the fee agreement. However, as all the parties to the fee agreement are attorneys whose conduct is subject to the Illinois Supreme Court Rules of Professional Conduct, it is appropriate for our analysis to consider that their agreement addressing the division of fees between law firms must comply with Rule 1.5(e), which states:

> "(e) A division of a fee between lawyers who are not in the same firm may be made only if:
>
> > (1) the division is in proportion to the services performed by each lawyer, or if the primary service performed by one lawyer is the referral of the client to another lawyer and each lawyer assumes joint financial responsibility for the representation;
> >
> > (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and
> >
> > (3) the total fee is reasonable." Ill. S. Ct. Rs. of Prof. Conduct, R. 1.5(e) (eff. Jan. 1, 2010).

The employment letters, in conjunction with the December 28, 2000, letter, are silent as to the division of labor and fees among Williamson counsel. Plaintiff also does not specify what work it performed entitling it to a portion of the fee. Although Williamson agreed in the letters that the attorneys would receive 33 1/3% of the total amount recovered, and could hire associate counsel at their expense and discretion, there is no indication that Williamson agreed to an equal split of the proceeds among counsel. The agreement in the case at bar fails to comply with Rule 1.5(e) and therefore cannot be a basis of recovery for plaintiff.

¶ 23    Plaintiff next argues that the December 28, 2000, agreement "established a joint venture among Williamson's counsel, and *** where a fee sharing agreement is silent among joint venturers, it is to be allocated equally." A joint venture among attorneys generally occurs when a single client retains both parties to represent it "rather than by a prearranged

agreement among the [attorneys] themselves." *Thompson v. Hiter*, 356 Ill. App. 3d 574, 589 (2005). *Cf. In re Johnson*, 133 Ill. 2d 516, 525 (1989) (if an attorney retained on a contingency fee engages another attorney with an agreement to share the fee in case of success, they are joint venturers). However, even assuming the parties' representation of Williamson amounted to a joint venture, plaintiff must still show the existence of an enforceable fee agreement under Rule 1.5(e) in order to recover fees.

¶ 24    Plaintiff argues that where the parties are engaged in a joint venture, substantial compliance with Rule 1.5(e) is sufficient to enforce a fee agreement. In support, plaintiff cites *Phillips v. Joyce*, 169 Ill. App. 3d 520 (1988). In *Phillips*, plaintiff presented evidence in the pleadings that the parties orally agreed to a joint venture wherein defendant would manage pretrial and discovery procedures while plaintiff would prosecute the case. *Phillips*, 169 Ill. App. 3d at 523. Furthermore, the clients were informed by letter of the joint representation, and they consented to the arrangement in writing by executing new contingent fee contracts. *Phillips*, 169 Ill. App. 3d at 530. The contracts did not specify that the attorneys would split the responsibilities and fees equally, or 50/50. *Phillips*, 169 Ill. App. 3d at 530. As such, the defendant in *Phillips* argued that the agreement violated a predecessor to Rule 1.5(e). *Phillips*, 169 Ill. App. 3d at 522. The trial court agreed and granted defendant's motion under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)) to dismiss plaintiff's complaint for fees. *Phillips*, 169 Ill. App. 3d at 522. This court reversed the trial court, finding that the plaintiff's "pleadings adequately set out the nature and extent of the joint representation agreement and that such information was disclosed to the clients." *Phillips*, 169 Ill. App. 3d at 530. See also *Holstein v. Grossman*, 246 Ill. App. 3d 719, 736 (1993) (appellate court discussed *Phillips* and approved the standard of substantial compliance in applying the predecessor rule).

¶ 25    Plaintiff makes the argument that in a joint venture with no express agreement as to the division of fees, it is presumed the parties intended an equal allocation of the fees, citing *Phillips*, 169 Ill. App. 3d at 530. However, the statement in *Phillips* regarding the division of fees presumed a valid and enforceable fee agreement. *Phillips*, 169 Ill. App. 3d at 530. The agreement in *Phillips* spelled out the terms of the joint representation much more fully than do the employment letters, and December 28, 2000, letter here. The agreement as set forth in the three letters between the attorneys and their law firms fails to comply with Rule 1.5(e). We will not condone the violation and use the agreement as a basis of recovery for plaintiff.

¶ 26    Plaintiff also contends it is entitled to a portion of the 15% off-the-top award as a referral fee. Plaintiff claims a referral fee "does not have to be in proportion to any work done on the case," citing *Corcoran v. Northeast Illinois Regional Commuter R.R. Corp.*, 345 Ill. App. 3d 449, 452 (2003). *Corcoran* is distinguishable from the case here in that the agreement between the client and her attorneys explicitly referenced a referral fee amount, named the referring attorney, and stated that the referring attorney agreed to assume the same legal responsibility on the client's behalf as the hired attorneys. *Corcoran*, 345 Ill. App. 3d at 451. This contention is unpersuasive as the December 28, 2000, letter makes no references to a referral fee amount or to an assumption of the same legal responsibilities. Furthermore, even if Rule 1.5(e) does not require proof of services performed in obtaining a referral fee, its

previously addressed conditions must be satisfied to create a valid fee agreement.

¶ 27    Plaintiff also argues that the trial court below incorrectly assumed that an award of attorney fees must be based on a lodestar method as opposed to a percentage-of-the-fund calculation. Plaintiff's argument is unavailing; review of the record indicates the trial court determined that, regardless of which method of calculating common benefit fund attorney fees was used, an award of fees must be based on the relative contribution of class counsel in obtaining a benefit for the class. Plaintiff cites no holding otherwise.

¶ 28    Plaintiff contends that defendants should also have to prove the work they actually performed if they are to retain the 15% award. As discussed above, defendant Joyce had filed a claim (in which plaintiff was not a party) against KMS regarding its compensation for work as co-counsel on the class-wide issues. A final arbitrator's award was issued and affirmed by a federal district court in *Stone v. Joyce*, No. 07-cv-1936 (N.D. Ga. Mar. 31, 2008). In its order, the court stated that defendant Joyce was to receive the 15% off-the-top fee award as compensation for its work on the Williamson portion of the class action. Plaintiff here claims a piece of the award. The issue on appeal is whether plaintiff is entitled to a portion of the award, not whether the defendants are entitled to the award.

¶ 29    Finally, plaintiff sets out general contentions in its brief regarding whether the allocation of the Williamson fee fund requires an agreement as a precondition, whether defendants should have to prove they deserve 100% of the 15% award, and whether the arbitrator's award entitles plaintiff to a share of the 15% fee award. These contentions are set out without support in fact, law or the pages of the record relied upon. Failure to establish the facts and authority for an argument waives review of the issue on appeal under Supreme Court Rule 341(h)(7) (eff. July 1, 2008).

¶ 30                                            CONCLUSION

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 32    Affirmed.