2019 IL App (1st) 180935

No. 1-18-0935

Opinion filed on July 25, 2019.

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOSEPH GEAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2016 CH 11275 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | The Honorable |
| INSURANCE COMPANY, | ) | Sophia H. Hall, |
| | ) | Judge Presiding. |
| Defendant and Counterplaintiff-Appellee. | ) | |

PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justices Mason and Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1   Joseph Gean, a policyholder, presented underinsured motorist claims to State Farm

Mutual Automobile Insurance Company (State Farm) for damages he sustained in two car

accidents. The claims were submitted to arbitration and the arbitrators entered awards in favor of

Gean. When Gean sought confirmation of the awards, a dispute arose regarding the application

of setoff provisions in his insurance policy. Specifically, State Farm claimed the provisions

permitted setoffs equal to the amounts Gean recovered from the underinsured motorists and his

insurance policy to be applied against the arbitration awards. The circuit court agreed and ultimately entered summary judgment in favor of State Farm. We affirm.

¶ 2                                    BACKGROUND

¶ 3      The relevant facts are not in dispute. On August 20, 2010, Gean was involved in a collision with a driver, who was insured by Infinity Insurance (Infinity) under a policy with a bodily injury coverage limit of $20,000. Infinity subsequently paid the full $20,000 to Gean as settlement of his claim against the driver.

¶ 4      On November 29, 2010, Gean was involved in a second collision with a driver, who was insured by Progressive Northern Insurance Company (Progressive) under a policy with a bodily injury coverage limit of $20,000. Progressive also paid the full $20,000 to Gean as settlement of his claim against the driver.

¶ 5      At the time of the accidents, Gean was covered under an automobile insurance policy (No. 491 9483-F22-13B) issued by State Farm. The policy included underinsured motorist (UIM) coverage with a limit of $100,000 for bodily injury, as well as automobile medical payments (MP) coverage with a limit of $1000. State Farm paid Gean the full $1000 in MP coverage for each accident.

¶ 6      After recovering payments from Infinity and Progressive, Gean presented UIM claims to State Farm. The claims were submitted to arbitration pursuant to Gean's policy, which required the arbitrators to decide "the amount of compensatory damages that the ***insured*** is legally entitled to recover" from the underinsured motorists. Ultimately, the arbitrators awarded Gean $19,000 for the injuries sustained on August 20, 2010, and $25,000 for the injuries sustained on November 29, 2010.

¶ 7 State Farm subsequently informed Gean that pursuant to his insurance policy, the arbitration awards were subject to setoffs equal to the amounts he recovered from his policy's MP coverage, Infinity and Progressive. Specifically, the policy's "Nonduplication" provision reduced the amount of payment owed to Gean under his UIM coverage by damages that "have already been paid." In addition, the "Limits" provision restricted the amount of payment owed to Gean under his UIM coverage to the lesser of:

"(1) the limit shown under 'Each Person' less those amounts actually recovered under the applicable bodily injury insurance policies, bonds, or other security maintained on the *underinsured motor vehicle*; or

(2) the total amount of all damages resulting from that bodily injury less those amounts actually recovered under the applicable *bodily injury* insurance policies, bonds, or other security maintained on the *underinsured motor vehicle*."

State Farm determined that Gean was not entitled to any payment under his UIM coverage for the first accident because the $19,000 arbitration award was less than the total setoff amount. Meaning, the $1000 that State Farm had paid him in MP coverage, in addition to the $20,000 settlement he received from Infinity, equaled a total setoff amount of $21,000.

¶ 8 State Farm then calculated the amount of payment owed to Gean under his UIM coverage for the second accident as follows: the $25,000 arbitration award would be set off by the $1000 that State Farm had paid him in MP coverage, as well as the $20,000 settlement he received from Progressive, for a total setoff amount of $21,000. When State Farm tendered the $4000 balance to Gean, however, he rejected it, claiming he was entitled to the full $19,000 and $25,000 amounts he was awarded.

¶ 9     Gean filed a petition to confirm the arbitration awards (petition) in the circuit court on August 25, 2016. State Farm moved to dismiss the petition, asserting the awards were subject to setoffs under Gean's insurance policy and section 5/143a-2(4) of the Illinois Insurance Code (Code) (215 ILCS 5/143a-2(4) (West 2014)). After the circuit court denied State Farm's motion, both parties filed cross-motions for summary judgment on Gean's petition and State Farm's claimed setoffs.

¶ 10    The court initially granted summary judgment in favor of Gean without considering the issue of setoffs. In ruling on the parties' postjudgment motions, however, the court vacated that judgment and granted State Farm leave to file a counterclaim for declaratory judgment as to its claimed setoffs. The court then entered summary judgment in favor of State Farm on April 4, 2018. In reaching its conclusion, the court found that "State Farm is entitled to a setoff under the Limits *** and Nonduplication provision[s] ***, leaving a total balance of $4,000 due to Gean from State Farm." Gean now appeals.

¶ 11                                    ANALYSIS

¶ 12    Construction of an insurance policy and whether the policy adheres to statutory requirements are questions of law properly disposed of by way of summary judgment. *Zdeb v. Allstate Insurance Co.*, 404 Ill. App. 3d 113, 116 (2010). Summary judgment is warranted when there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 755 (2005). Where, as here, the parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact and invite the court to decide the questions presented as a matter of law. *Id*; *Daniel v. Aon Corp.*, 2011 IL App (1st) 101508, ¶ 17; *Illinois Emcasco Insurance Co. v. Tufano*, 2016 IL App (1st) 151196, ¶ 17. As such, the sole issue before this court is whether

State Farm is entitled to judgment as a matter of law, and as with all questions of law, our review is *de novo*. *Steadfast Insurance Co.*, 359 Ill. App. 3d at 755; *Aon Corp.*, 2011 IL App (1st) 101508, ¶ 17.

¶ 13    On appeal, Gean contends that State Farm's insurance policy permits a "double set-off" in violation of public policy and section 143a-2(4) of the Code. Specifically, it allows State Farm to apply setoffs against his $100,000 UIM coverage limit, as well as the arbitration awards. We disagree.

¶ 14    Underinsured motorist coverage is a statutory creation designed to " 'fill the gap' " between an insured's claim and the amount recovered from a tortfeasor's insurance. *Zdeb*, 404 Ill. App. 3d at 117-18 (quoting *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 556 (1992)). It is not, however, intended to permit an insured to recover amounts from an insurer exceeding the coverage provided by the underinsured motorist policy. *Id.* In other words, the purpose of underinsured motorist coverage is to place the insured in the same position he would have obtained had the tortfeasor carried adequate liability insurance. *Zimmerman v. Illinois Farmers Insurance Co.*, 317 Ill. App. 3d 360, 365 (2000).

¶ 15    Furthermore, the underinsured motorist statute does not provide for all deductions that may be claimed by an insurer. *Zdeb*, 404 Ill. App. 3d at 118. Rather, it sets a " 'maximum, or ceiling' " that the insurer must pay. *Id.* (quoting *Adolphson v. Country Mutual Insurance Co.*, 187 Ill. App. 3d 718, 721 (1989)). Section 143a-2(4) of the Code provides in relevant part:

> "The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies, bonds or other security maintained on the underinsured motor vehicle." 215 ILCS 5/143a-2(4) (West 2014).

¶ 16    Initially, we note Gean does not contend that the arbitration awards in this matter were insufficient. As set forth above, Gean was awarded $19,000 for his first UIM claim. He recovered the $1000 MP coverage from State Farm and the $20,000 settlement from Infinity, totaling $21,000. Thus, Gean was in fact placed in a better position because he recovered $2000 more than he was entitled to for his UIM claim award of $19,000.

¶ 17    In addition, Gean was awarded $25,000 for his second UIM claim. He recovered the $1000 MP coverage from State Farm and the $20,000 settlement from Progressive, totaling $21,000. State Farm then attempted to tender the remaining $4000 balance to Gean. Had Gean accepted State Farm's payment, he would have been in the same position if Progressive's coverage limit had been $25,000, *i.e.*, the amount that Gean was awarded. We therefore conclude that State Farm's insurance policy adheres to the well-established principles of public policy behind the underinsured motorist statute.

¶ 18    Moreover, State's Farm's insurance policy does not permit a "double set-off" as Gean has suggested. As established *supra*, the policy allows State Farm to apply certain setoffs against the amount awarded for each UIM claim. In this case, Gean was awarded $19,000 and $25,000, respectively, out of his $100,000 UIM coverage limit, and the setoffs were properly applied against those amounts. There was not a separate setoff applied against Gean's $100,000 UIM coverage limit because he was not awarded the full $100,000 for either UIM claim. See *Tufano*, 2016 IL App (1st) 151196, ¶ 52 (stating, when a policyholder's damages are less than what he received from the tortfeasors, collecting anything from the underinsured motorist carrier would constitute a double recovery).

¶ 19    Last, State Farm argues, and we agree, that Gean forfeited his claim that the provisions in the insurance policy are ambiguous by failing to raise it before the circuit court. See *Bank of New*

*York Mellon v. Rogers*, 2016 IL App (2d) 150712, ¶ 32 (stating, issues not raised in the court below are forfeited and may not be raised for the first time on appeal). Regardless, the provisions in State Farm's insurance policy are not ambiguous for the same reasons set forth above. See *Tufano*, 2016 IL App (1st) 151196, ¶ 19 (stating, courts must apply the clear and unambiguous provisions in an insurance policy as written unless such application violates public policy).

¶ 20    In sum, we conclude that State Farm is entitled to judgment as a matter of law because its claimed setoffs are permissible under the insurance policy. Accordingly, the circuit court properly entered summary judgment in favor of State Farm.

¶ 21                                 CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 23    Affirmed.

---

**No. 1-18-0935**

---

| | |
|---|---|
| **Cite as:** | *Gean v. State Farm Mutual Automobile Insurance Co.*, 2019 IL App (1st) 180935 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2016-CH-11275; the Hon. Sophia H. Hall, Judge, presiding. |
| **Attorneys for Appellant:** | Fernando M. Bustamante, of The Romaker Law Firm, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Frank C. Stevens, of Taylor Miller LLC, of Chicago, for appellee. |