2020 IL App (2d) 190679-U
No. 2-19-0679
Order filed April 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RANDY LEE CROSSON and STACEY A. VALENCIA, Individually and as Trustee of the American Double Eagle Trust, | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiffs and Counter-Defendants, | ) ) | |
| v. | ) ) | No. 18-MR-1584 |
| CAROL L. CROSSON, Individually and as Trustee under Provisions of a Trust Dated December 19, 1994, and known as the Personality Trust No. 1219942, and as Trustee under Provisions of a Trust Dated December 19, 1994, and known as the Monopoly Trust No. 1219941, | ) ) ) ) ) ) ) ) ) | |
| Defendant and Counter-Plaintiff-Appellee | ) ) | |
| (Randy Lee Crosson, Plaintiff and Counter-Defendant-Appellant). | ) ) ) ) | Honorable Bonnie M. Wheaton, Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appellant failed to sufficiently argue why the trial court allegedly erred in granting summary judgment for appellee on her counterclaim. Therefore, we affirm.

¶ 2    Plaintiff and counter-defendant, Randy Lee Crosson, appeals *pro se* from the trial court's grant of summary judgment for defendant and counter-plaintiff, Carol L. Crosson, on Carol's counterclaim regarding title to real estate. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    Randy filed a *pro se* complaint for a declaratory judgment against Carol, who is his mother, on November 9, 2018. The complaint also named as a plaintiff Randy's adult daughter, Stacey A. Valencia, individually and as trustee of the American Double Eagle Trust, but Stacey did not sign the complaint.[1] Randy made various allegations about disputes and court actions relating to ten properties, nine of which were in Illinois and one of which was in Florida. Randy alleged that Carol obtained an order of protection against him regarding the properties in August 2018; that she filed a forcible entry and detainer action against him in October 2018; and that she had also initiated criminal proceedings against him. Randy alleged that he, rather than Carol, actually owned the properties. He sought a declaration to this effect, as well as various protective orders, fees, and sanctions.

¶ 5    On March 19, 2019, Carol filed a counterclaim for a declaratory judgment and to quiet title. She alleged as follows. The dispute involved two properties in Downers Grove and one property in Florida. Carol owned the Downers Grove properties as trustee of the Personality Trust #1219942 dated December 19, 1994, and she also owned the Florida property. However, in June 2018, Randy executed multiple fraudulent deeds on these properties, transferring Carol's interest out of her

---

[1] See *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 6 (a *pro se* litigant may represent his own personal interests, but a non-attorney may not represent another person's legal interests on behalf of that individual).

revocable living trust to third parties, including to Stacey, individually and in her capacity as trustee of the American Double Eagle Trust, and to Stephanie Crosson.[2] Randy took the position that the properties were now owned by the third parties and not by Carol. He and these third parties had attempted to sell the Florida property and one of the Downers Grove properties, and Randy and Stephanie were living in the other Downers Grove property. An action to quiet title and felony charges were pending on the Florida property. The parties had also been engaged in continuous litigation in Du Page County regarding the Downers Grove properties. Carol sought to quiet title on the Downers Grove properties and a declaration that she, as trustee, was the rightful holder of the title for the Downers Grove properties.

¶ 6      On April 15, 2019, the trial court entered an order stating that no discovery could take place, or further subpoenas issued, without leave of the court and notice to all parties.

¶ 7      On May 2, 2019, the trial court dismissed the claims of Randy and Stacey against Carol, for want of prosecution. It also dismissed another case, 2019-SR-397, that had been consolidated with the current case.

¶ 8      Randy appealed the May 2, 2019, order, but this court dismissed his appeal on September 20, 2019, because he failed to file a brief. See *Crosson v. Crosson*, 2-19-0430.

¶ 9      On May 6, 2019, Carol filed a motion for summary judgment on her counterclaim. She argued that Stacey had failed to respond or otherwise plead, and that Randy had failed to sufficiently set forth facts/and or supporting documentation that would indicate that a genuine issue of material fact existed.

¶ 10      Randy filed an answer to the counterclaim the same day. On May 20, 2019, he filed a

---

[2] It is unclear from the record what relation Stephanie Crosson is to Randy and Carol.

motion to stay proceedings, alleging, among other things, that he was found unfit to stand trial that month in a criminal proceeding.

¶ 11    In an order dated May 30, 2019, the trial court noted that Carol was present through an attorney and that Randy was also present. It stated that, by agreement, the motion for summary judgment was set for a hearing on July 23, 2019. It stated that it was aware of Randy's upcoming involuntary commitment, but that Randy represented that he would be available for argument on the hearing date.

¶ 12    Randy filed a response to the motion for summary judgment on June 27, 2019. In an affidavit, he averred that he purchased one of the properties on November 30, 1989, and that on June 6, 2018, he executed a quit claim deed on the property to Stacy as trustee of the American Double Eagle Trust.  He alleged that on June 7, 2018, he executed a quitclaim deed to Stacy for the other property.

¶ 13    The trial court granted Carol's motion for summary judgment on July 23, 2019. It ruled that Randy's June 6 and 7, 2018, quit claim deeds were invalid and unenforceable, and that the title was to stand with Carol, as trustee of the Personality Trust #1219942, dated December 19, 1994. Its order noted that both parties were present for the hearing.

¶ 14    Randy timely filed this appeal.

¶ 15                                    II. ANALYSIS

¶ 16    Randy appeals from the trial court's grant of summary judgment for Carol on her counterclaim. Summary judgment is appropriate only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). The nonmoving party is not required to

prove his case at the summary judgment stage, but he must present some factual basis that would arguably entitle him to judgment. *Garland v. Sybaris Clubs International, Inc.*, 2019 IL App (1st) 180682, ¶ 92. We review *de novo* a trial court's ruling on a motion for summary judgment. *Nichols v. Fahrenkamp*, 2019 IL 123990, ¶ 13.

¶ 17    Randy has filed a *pro se* brief that is very difficult to comprehend. A reviewing court is not a repository into which an appellant may dump the burden of argument and research, nor is it our obligation to act as an advocate, and the failure to clearly define issues and support them with authority results in forfeiture of the argument. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33. We recognize that Randy has appealed *pro se* and may not have understood the requirements for appellate briefs. However, *pro se* litigants must comply with the same rules of procedure as attorneys, and *pro se* litigants are not entitled to more lenient treatment. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Stated differently, parties who chose to represent themselves in Illinois courts must comply with the same rules as licensed attorneys, and they are held to the same standards. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78; see also *Morse v. Donati*, 2019 IL App (2d) 180328, ¶ 16 (Illinois Supreme Court rules, including those pertaining to briefs, are not mere suggestions but rather have the force of law). We will address the arguments that we can discern from Randy's brief, and we consider any other arguments automatically forfeited. See *Atlas*, 2019 IL App (1st) 180939, ¶ 33.

¶ 18    The heading for Randy's first argument states:

"THE CIRCUIT COURT ERRED IN DISMISSING DEFENDANTS'[3] PRIOR

FINAL AND APPEALLABLE ORDER ENTERED **July 23, 2019**, BASED UPON

---

[3] Randy appears to be referring to himself as a defendant in this brief, instead of plaintiff

PLAINTIFF'S **FRAUDULENT** ACTION TO DISMISS COURT ORDER OF **OCTOBER 12, 2018, Further** On May 10, 2019 as a guise under a DISMISSAL FOR WANT OF PROSECUTION WITHOUT NOTICE TO THE DEFENDANTS AND, FOR FAILING TO HEAR AND ADJUDGE DEFENDANTS PLEADING IN VIOLATION OF **ARTICLE I § 2 OF THE ILLINOIS CONSTITUTION** AS WELL AS THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION." (Emphasis in original.)

Randy goes on to argue that he was not served with a summons or complaint and was not provided with a meaningful opportunity to respond to numerous motions by Carol. He maintains that all trial court orders entered after October 12, 2018, are therefore void.

¶ 19    We note that Randy commenced this action on November 9, 2018, so the reference to October 12, 2018, appears to be for other litigation between the parties that is not at issue in this appeal. As far as the alleged lack of notice for the dismissal for want of prosecution, that dismissal occurred on May 2, 2019. Randy appealed that order, but this court dismissed his appeal on September 20, 2019, because he failed to file a brief. See *Crosson*, 2-19-0430. Where a party's appeal is involuntarily dismissed for failure to file a brief, the dismissal is treated as a judgment on the merits (*Hartney v. Bevis*, 2018 IL App (2d) 170165, ¶ 16), such that the law-of-the-case doctrine applies and bars relitigation of the issue (see *In re Marriage of Carstens*, 2018 IL App (2d) 170183, ¶ 23). Accordingly, Randy may no longer contest that order. We recognize that an order may be challenged as void at any time, but even if the trial court enters a dismissal order without notice to the plaintiff, it would not make the dismissal void. *LaSalle National Trust, N.A. v. Lamet*, 328 Ill. App. 3d 729, 731-32 (2002). To the extent that Randy is arguing that he did not

and/or counter-defendant.

receive notice of Carol's motion for summary judgment, the record reflects the opposite, as he filed an answer and response to the motion, was present when the trial court set a date for the hearing on the motion, and was present at the July 23, 2019, hearing when the trial court granted the motion.

¶ 20    The heading for Randy's second argument states:

"THE CIRCUIT COURT ERREDAND/OR [*sic*] ABUSED ITS DISCRETRION [*sic*] IN DENYING DFENDANTS [*sic*], numerous Motions or JUDGMENT, THAT WAS ENTER IN ERROR ON **July 23, 2019**, THAT IS A VOID JUDGMENT" (Emphasis in original.)

Randy then argues that the trial court "rigged the case for failure and/or bribery"; that we should vacate orders entered on September 10, 2004, and September 14, 2018, as void; and that he should be allowed to complete discovery and have a jury trial.

¶ 21    Again, any orders entered on September 10, 2004, and September 14, 2018, predate the current case and are not at issue here. As far as completing discovery and having a jury trial, Randy appears to be alluding to his complaint, but we have determined that he can no longer challenge the dismissal for want of prosecution.

¶ 22    For Randy's allegation regarding judicial bribery, we caution Randy that such claims should not be raised in a cavalier manner. If Randy is arguing that the trial court was biased against him, the failure to raise the issue of bias during the proceedings below, such as through a motion for a substitution of judges, results in forfeiture of the issue on appeal. *Gean v. State Farm Mutual Automobile Insurance Co.*, 2019 IL App (1st) 180935, ¶ 19 (issues not raised in the trial court are forfeited and may not be raised for the first time on appeal). Even otherwise, Randy's argument is without merit. A trial judge is presumed to be impartial, and the party alleging prejudice has the

burden of overcoming this presumption. *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶ 47. A judge's rulings alone will rarely constitute a valid basis for a claim of judicial bias or partiality. *Id.* ¶ 48. Even judicial remarks must reveal a bias stemming from an extrajudicial source or reveal such a high degree of favoritism or antagonism such that a fair judgment is impossible. *Id.* Here, Randy cannot rely on the trial court's rulings for a claim of bias, and there is no report of proceedings or certified bystander's report filed on appeal to allow review of the trial court's remarks.

¶ 23    The heading for Randy's last argument states:

"THE CIRCUIT COURT ERRED AND/OR ABUSED ITS DISCRETRION [*sic*] IN DENYING DFENDANTS, MOTION(S) and for the Defendant being Court Ordered to be **Unfit for Trial** on May 14, 2019 FOR SANCTION PURSUANT TO **ILLINOIS SUPREME COURT RULE 137**. & FOR APPROPRIATE Court order for **CLC** WILLFUL, DELIBERATE, MALICIOUS CONDUCT FOR REFUSING TO COMPLY WITH DISCOVERY & & Violation of § 1009 of the CIVIL PRACTICE LAW."[4] (Emphasis in original.)

Randy argues that he should receive sanctions based on false and frivolous conduct by Carol and her attorneys, including violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.* (2018)) and discovery violations. Randy includes a string cite to over 40 largely federal and out-of-state cases. He ends with several paragraphs discussing voluntary dismissals.

---

[4] Section 1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2018)) pertains to voluntary dismissals.

¶ 24    Randy was not deemed unfit for trial in the present action, so we cannot review that issue. Regarding sanctions, Randy referred to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) in his response to Carol's motion for summary judgment, but Randy has not specifically cited to a motion for sanctions or a trial court order denying him such sanctions. The failure to clearly articulate this issue results in forfeiture of the issue on appeal. *Atlas*, 2019 IL App (1st) 180939, ¶ 33. For discovery, Randy may raise the issue only as it relates to Carol's motion for summary judgment, and he has similarly forfeited the argument for failing to clearly argue the issue and cite relevant authority. Last, voluntary dismissals are not at issue in this case.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the Du Page County circuit court.

¶ 27    Affirmed.