2022 IL App (2d) 210632-U
No. 2-21-0632
Order filed July 21, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THADDEUS JOSEPH BEAULIEU, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | No. 20-L-104 |
| v. | ) | |
| | ) | |
| WALMART, | ) | Honorable |
| | ) | Kevin T. Busch, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: (1) Trial court properly dismissed the plaintiff's complaint; (2) the plaintiff was not entitled to discovery since he failed to state a viable cause of action; and (3) the plaintiff forfeited his claim of judicial bias.

¶ 2   The plaintiff, Thaddeus Joseph Beaulieu, filed a complaint against the defendant, Walmart, sounding in negligence. The circuit court of Kane County dismissed his complaint. On appeal, the plaintiff argues that the trial court (1) erred in dismissing his complaint; (2) erred in not sanctioning Walmart for a discovery violation; and (3) was biased against him. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On January 28, 2020, the plaintiff went to the Walmart on 2900 Kirk Road in Aurora. After the plaintiff paid for and bagged all his items, he attempted to exit the store. However, his efforts to leave were thwarted by a Walmart greeter who demanded to see the plaintiff's receipt for the items the plaintiff had just purchased. The plaintiff thought that this request violated Walmart's internal policies that customers would not be asked to show a receipt if their items were contained in Walmart bags. The plaintiff spoke with the Walmart manager, who he felt showed him little empathy regarding this situation. He subsequently contacted the Walmart corporate offices who were also indifferent to his plight. This "entire ordeal" left the plaintiff feeling "extremely frustrated, distraught, and plagued mentally, emotionally, and physically."

¶ 5    On February 28, 2020, the plaintiff filed a complaint against Walmart seeking $2 million in compensatory damages and $8 billion in punitive damages for the indignity that he had suffered. The plaintiff subsequently filed an amended complaint on October 21, 2020. On July 7, 2021, following a hearing, the trial court dismissed the plaintiff's amended complaint without prejudice. The plaintiff thereafter filed his second amended complaint, asserting 19 counts of negligence.

¶ 6    Also at the July 7, 2021 hearing, the trial court addressed the plaintiff's discovery request that Walmart produce the surveillance video of the incident in question. The trial court directed Walmart to, within seven days, either produce the surveillance video or respond that no such video existed.

¶ 7    On July 8, 2021, the plaintiff filed another discovery request that again sought the surveillance video of the incident in question.

¶ 8    On July 14, 2021, Walmart filed a response that no such video existed.

¶ 9    On August 3, 2021, Walmart filed a motion to dismiss the plaintiff's second amended complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)).

¶ 10    On August 16, 2021, the plaintiff filed a motion for sanctions against Walmart due to its failure to respond to his July 8, 2021, discovery request. The plaintiff requested as sanctions a default judgment in his favor and $10 million in compensatory damages.

¶ 11    On September 28, 2021, following a hearing, the trial court dismissed the plaintiff's complaint with prejudice. The trial court explained that the plaintiff's allegations did not demonstrate that Walmart owed him any duty. The trial court further explained that because the plaintiff did not state a viable cause of action, allowing any further discovery or imposing a discovery sanction against Walmart would be inappropriate.

¶ 12    On October 25, 2021, the plaintiff filed a timely notice of appeal.

¶ 13                               I. ANALYSIS

¶ 14    On appeal, the plaintiff raises three issues: (1) the trial court erred in dismissing his second amended complaint; (2) the trial court erred in not sanctioning Walmart for its discovery violation; and (3) the trial judge was biased against him and did not treat him fairly.

¶ 15    A motion to dismiss under section 2-615 challenges a complaint's legal sufficiency based on defects apparent on the face of the complaint. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 18. In ruling on a section 2-615 motion to dismiss, the court must accept all well-pleaded facts, as well as any reasonable inferences to be drawn therefrom, as true. *Id.*

¶ 16    In order to succeed in a negligence action, the plaintiff must prove a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach. *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 411 (1991). Whether a duty exists

is a question of law for the court to decide. *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 542 (1991). In resolving whether a duty exists, a court must determine whether there is a relationship between the parties requiring that a legal obligation be imposed upon one for the benefit of the other. *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill. 2d 213, 227 (1996). Whether a legal duty exists is a question of law and is determined by reference to whether the parties stood in such a relationship to each other that the law imposes an obligation on one to act for the protection of the other. *Gouge*, 144 Ill. 2d at 542. Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines. Rather, it is the law which, in the end, must say what is legally required. See *Blankenship v. Peoria Park District*, 269 Ill. App. 3d 416, 422 (1994) (park district's internal rules requiring one lifeguard to remain on duty at all times did not create a legal duty to have one lifeguard on duty); *Fillpot v. Midway Airlines, Inc.*, 261 Ill. App. 3d 237, 244 (1994) (where airline owed no legal duty to remove snow or ice, airline's policy manual requiring the clearing of walkways did not create such a duty).

¶ 17 Here, the plaintiff alleges that Walmart violated one of its internal policies by asking him to show a receipt for the items he had purchased even though he was carrying those items in Walmart bags. The fact that Walmart allegedly violated this internal policy is irrelevant unless that policy reflected a legal requirement. See *Blankenship*, 269 Ill. App. 3d at 422. The plaintiff insists that it does, pointing to both the Consumer Fraud and Deceptive Business Practices Act (CFA) (815 ILCS 505/1 *et seq.* (West 2020)) and the Federal Trade Commission Act (FTCA) (15 U.S.C. § 45(a)(1) (2006)). However, neither of those Acts have anything to do with the facts as alleged in this case. See *Laughlin v. Evanston Hospital*, 133 Ill. 2d 374, 390 (1990) (CFA prohibits merchants from engaging in false, misleading, or fraudulent acts in their transactions with their customers, relating to the purchase of good or services); 15 U.S.C. § 45(a)(1) (FTCA addresses

unfair methods of competition in commerce and unfair or deceptive acts or practices that affect commerce). As Walmart allegedly violated only an internal policy and not a legal requirement, the trial court properly determined that Walmart owed the plaintiff no duty. See *Blankenship*, 269 Ill. App. 3d at 422. The trial court therefore properly dismissed the plaintiff's complaint. *Vesey*, 145 Ill. 2d at 411.

¶ 18 Turning to the plaintiff's second contention, he argues that the trial court should have awarded him sanctions due to Walmart's failure to comply with his discovery request. Specifically, he argues that sanctions were warranted because (1) Walmart's response to his July 8, 2021, discovery request was untimely and (2) Walmart failed to preserve the surveillance video of his interaction with the Walmart greeter and the store manager.

¶ 19 A trial court has great latitude in ruling on discovery matters. *Mutlu v. State Farm Fire & Casualty Co.*, 337 Ill. App. 3d 420, 434 (2003). A trial court's rulings on such matters will not be disturbed absent a manifest abuse of discretion. *Id.* at 432. A trial court may properly quash a discovery request when it has sufficient information upon which to decide a defendant's motion to dismiss. *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 381 (2004). However, it should not refuse a discovery request and grant a motion to dismiss when it reasonably appears that discovery may assist the nonmoving party. *Id.*

¶ 20 Here, the trial court held that because the plaintiff's complaint was not viable, Walmart was not required to respond to the plaintiff's discovery request. That was a proper basis to deny the plaintiff's discovery request. See *id*. Moreover, the surveillance video would not have assisted the plaintiff because it would have only corroborated what he had already alleged, which for the purposes of a 2-615 motion we must accept as true. See *O'Callaghan*, 2015 IL App (1st) 142152,

¶ 18.  As such, the trial court's ruling did not constitute an abuse of discretion. *Mutlu*, 337 Ill. App. 3d at 434.

¶ 21    The plaintiff's final contention on appeal is that the trial court was biased against him because the trial court (1) wanted him to appear in person; (2) improperly influenced him to change the theories of recovery he alleged in his complaint to omit claims of discrimination; and (3) unfairly did not allow him discovery.

¶ 22    The plaintiff did not raise the issue below of the trial court's purported bias and unfairness. A party's failure to raise the issue of bias during the proceedings below, such as through a motion for a substitution of judges, results in forfeiture of the issue on appeal.  *Gean v. State Farm Mutual Automobile Insurance Co.*, 2019 IL App (1st) 180935, ¶ 19 (issues not raised in the trial court are forfeited and may not be raised for the first time on appeal).  Even overlooking forfeiture, the plaintiff's argument is without merit.  A review of the record demonstrates that the trial court allowed the plaintiff to attend the proceedings via zoom, ensured that he could hear the proceedings, and afforded him time to make his arguments.  The record includes no indication that the plaintiff dropped his claims of discrimination because of the trial court's improper influence. Finally, the trial court's ruling against the plaintiff on the discovery issue is not a basis to conclude that the trial court was prejudiced against him.  See *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶ 48 (a judge's rulings alone will rarely constitute a valid basis for a claim of judicial bias or partiality).  Accordingly, there is no basis to disturb the trial court's judgment due to alleged bias.

¶ 23                                   III. CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 25    Affirmed.